IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BRENDA L. SOTO-MARTINEZ,

Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of Social Security,

Defendant.

CIVIL NO. 21-1445 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

On September 16, 2021, Plaintiff Brenda L. Soto-Martínez ("Plaintiff") filed the present action to obtain judicial review of the final decision of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security ("Commissioner" or "Defendant") who denied her application for disability benefits. (Docket No. 3).[1] On September 17, 2021, after Plaintiff consented to proceed before a Magistrate Judge, the presiding District Judge referred this case to the undersigned for all further proceedings, including the entry of judgment.[2] (Docket Nos. 8 and 9).

On February 15, 2022, the Commissioner answered the Complaint and thereafter filed a copy of the administrative record. (Docket Nos. 14 and 15). On March 18, 2022, Plaintiff filed her memorandum of law (Docket No. 17) and on May 12, 2022, the Commissioner filed her memorandum of law. (Docket No. 22).

---

[1] 42 U.S.C. Sec. 405(g), provides for judicial review of the final decision of the Commissioner. "... [t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment without remanding the cause for rehearing". Section 205(g).

[2] The government has already provided a general consent to proceed before a Magistrate Judge in all Social Security cases. Title 28 U.S.C. Section 636(b)(1)(A), (c)(1) and (c)(2); Fed. R. Civil P. 73(a).

The Court AFFIRMS the Commissioner's decision after a careful review of the entire record.

## ADMINISTRATIVE AND PROCEDURAL HISTORY

Plaintiff, a former hand suture winder, filed an application for disability benefits with an alleged onset date of disability of January 7, 2015.  The application was initially denied, as was the reconsideration.  (Tr. pp. 502-514 and 516-531).  Plaintiff then requested an administrative hearing which was held on February 24, 2020.  Plaintiff was present with a representative and testified regarding her alleged disabilities.  (Tr. pp. 123-160).  Testimonies were also heard from medical expert Dr. Francisco Joglar ("Dr. Joglar") and vocational expert Ariel Cintrón Antommarchi, Ph.D. (the "VE") regarding the kinds of jobs that Plaintiff could be able to perform and that were available in the national economy.  Id.

On April 30, 2020, the presiding Administrative Law Judge ("ALJ") issued an opinion, finding Plaintiff was not disabled from the onset date of January 7, 2015, through the last date insured, March 31, 2020.  (Tr. pp. 98-122).

The ALJ made the following findings of fact as part of her fact-finding responsibilities:

1.  Plaintiff met the insured status requirements of the Social Security Act on March 31, 2020.

2.  Plaintiff did not engage in any substantial gainful activity since her alleged onset date of January 7, 2013, through her date last insured of March 31, 2020.

3. Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine; right shoulder effusion; right elbow osteoarthritis; bilateral carpal tunnel syndrome; bilateral plantar fasciitis and bursitis; fibromyalgia; arterial hypertension; and extreme obesity. (20 CFR 404.1520(c)).

4. Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the ALJ found that, since the alleged onset date, January 7, 2015 through April 19, 2018, Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(a) except that she could lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently. Plaintiff could sit 6 hours in an 8-hour workday with normal breaks; and stand/walk 6 hours in an 8-hour workday with normal breaks. She could never climb scaffolds, ladders, and ropes. She could climb stairs and ramps frequently, balance frequently, stoop frequently, kneel occasionally; could never crouch and crawl. Plaintiff could frequently perform handling, fingering and feeling with the right dominant hand. She could frequently reach overhead in all other direction with the right dominant upper extremity. Plaintiff could never work at unprotected heights; frequently work around moving mechanical parts.

>   Since April 20, 2018, Plaintiff had the RFC to perform sedentary work as defined in 20 CFR 404.1567(a) except, she could lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently. She could sit 6 hours in an 8-hour workday with normal breaks; and stand/walk 4 hours total in an 8-hour workday with normal breaks. Plaintiff could never climb scaffolds, ladders, and ropes. She could climb stairs and ramps frequently. Plaintiff could frequently balance and stoop; occasionally kneel; could never crouch and crawl. She could frequently perform handling, fingering and feeling with the right dominant hand. Plaintiff could frequently reach overhead in all other direction with the right dominant upper extremity. She could never work at unprotected heights; frequently work around moving mechanical parts. In addition, since November 5, 2018, Plaintiff could perform frequent fingering, handling and feeling with the left non-dominant hand.

6. Plaintiff was capable of performing past relevant work as a hand suture winder.

7. Plaintiff was not under a disability, as defined in the Social Security Act, at any time from January 7, 2015, the alleged onset date, through March 31, 2020, the date last insured.

The Appeals Council subsequently denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner, subject to review by this Court. (Tr. pp. 1-9).

<u>Brenda L. Soto-Martínez v. Social Security Administration</u>
Opinion and Order
Civil No. 21-1445 (CVR)
Page No. 5

Plaintiff objects the ALJ's final decision denying her disability benefits, alleging the ALJ erred in failing to account her severe fatigue and headaches during the RFC's assessment and failing to adequately account for severe obesity at step three. She further alleges that the AJL erred in giving the medical expert's opinion controlling weight and did not fully consider the state-agency medical opinions regarding her supported subjective complaints.

The Commissioner disagrees and posits that the ALJ reasonably considered and accommodated Plaintiff's headaches, fatigue, pain, and obesity in the RFC. The Commissioner also asserts that the ALJ correctly assessed Plaintiff's subjective allegations in accordance with SSR 16-3p and 20 C.F.R. §404.1520c. For these reasons, the Commissioner avers that the ALJ's ultimate determination that Plaintiff was able to perform her past job as a hand suture winder was supported by substantial evidence and should be affirmed.

**STANDARD**

To establish entitlement to disability benefits, the burden is on the claimant to prove disability within the meaning of the Social Security Act. See <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146-47, n. 5 (1987). It is well settled law that a claimant is disabled under the Act if he/she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a). A claimant is unable to engage in any substantial gainful activity when the claimant is not only unable to do his/her previous

work but, considering age, education, and work experience, cannot engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he/she lives, or whether a specific job vacancy exists, or whether he/she would be hired if he/she applied for work. 42 U.S.C. § 423(d)(2)(a).

To determine whether a claimant is disabled, all the evidence in the record must be considered. 20 C.F.R. § 404.1520(a). A five-step sequential evaluation process must be applied in making a final determination as to whether or not a claimant is disabled. 20 C.F.R. § 404.1520; see Bowen, 482 U.S. at 140-42; Goodermote v. Sec'y of Health & Human Servs., 690 F.2d 5, 6-7 (1st Cir. 1982). At step one, the ALJ determines whether the claimant is engaged in "substantial gainful activity." If he/she is, disability benefits are denied. § 404.1520(b). If not, the decision-maker proceeds to step two, where he or she must determine whether the claimant has a medically severe impairment or combination of impairments. See § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment or combination of impairments is severe, the evaluation proceeds to the third step to determine whether the impairment or combination of impairments is equivalent to one of several listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. § 404.1520(d); 20 C.F.R. pt. 404, subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the

fourth step through which the ALJ determines whether the impairment prevents the claimant from performing the work he/she has performed in the past. If the claimant can perform his/her previous work, he/she is not disabled. § 404.1520(e).

Once the ALJ determines that the claimant cannot perform his or her former kind of work, then the fifth and final step of the process demands a determination of whether claimant is able to perform other work in the national economy in view of the RFC, as well as age, education, and work experience. The claimant would be entitled to disability benefits only if he/she is not able to perform any other work whatsoever. §§ 404.1520(f).

In the case at bar, the ALJ determined at step four that Plaintiff could return to her past work as a hand suture winder. The ALJ concluded the analysis at step four and found Plaintiff was not disabled.

**LEGAL ANALYSIS**

The Court's review in this type of case is limited to determine whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence. See Manso-Pizarro v. Sec'y of Health and Human Servs, 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts. Nguyen v. Chater, 172 F.3d 31 (1st Cir. 1999). Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion". Richardson v. Perales, 402 U.S. 389 (1971) (*quoting* Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197 (1938)). The court will set aside a denial of benefits only if it is not supported by substantial evidence

or if it is based on a legal error.  See Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001); Rodríguez v. Sec'y of Health and Human Servs, 647 F.2d 218, 222 (1st Cir. 1981).

Plaintiff first alleges that the ALJ erred in failing to consider her severe fatigue and headaches in the RFC's assessment.   As a second claim of error, Plaintiff contends that the ALJ failed to adequately account for her severe obesity at step three of the sequential evaluation and during the RFC's assessment. The Court finds these claims are intertwined and without merit.

As is well known, in order to craft an RFC, an ALJ is required to consider medical opinions along with all other relevant evidence in a claimant's record.   Ledoux v. Acting Comm'r, Soc. Sec. Admin., Civil No. 17-707-JD, 2018 WL 2932732, at *4 (D.N.H. June 12, 2018).   While an ALJ will consider all medical opinions of record regarding a claimant's functioning, it is ultimately the ALJ who determines the claimant's RFC based on all the evidence in the medical record, including treating and consulting physicians.   20 C.F.R. §§ 416.927(e)(2), 416.945(a), 416.946(c); SSR 96-5p, 1996 WL 374183, at *2.   In evaluating whether a claimant satisfies the disability criteria, the Commissioner's job is to evaluate the claimant's "ability to work on a regular and continuing basis."   SSR 96-8p (S.S.A. July 2, 1996); see also Lester v. Chater, 81 F.3d 821 (9th Cir. 1995).

In rendering a decision regarding Social Security disability benefits, an ALJ must build a logical bridge from the evidence to the conclusion but need not provide a complete written evaluation of every piece of testimony and evidence. Pepper v. Colvin, 712 F.3d 351 (7th Cir. 2013); Schmidt v. Barnhart, 395 F.3d 737, 744 (7th Cir. 2005) (internal citations and quotation marks omitted).   An ALJ must adequately explain his credibility

finding in a Social Security disability case by discussing specific reasons supported by the record. Pepper v. Colvin, 712 F.3d at 361-62.

The ALJ in this case found that Plaintiff's medically determinable impairments could reasonably be expected to produce some of the alleged symptoms but she determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical record. (Tr. p. 111).

At the outset, it is important to note that the ALJ at step three specifically included Plaintiff's extreme obesity as a severe impairment. The ALJ then went on to define obesity in her decision and took it into consideration when determining Plaintiff's RFC as follows:

> In the medical community, obesity is defined as a body mass index (BMI) of 30.0 or higher. Obesity is established as a medically determinable impairment (MDI) by considering objective medical evidence (signs, laboratory findings, or both) from an acceptable medical source (AMS). Signs and laboratory findings from an AMS that may establish an MDI of obesity include measured height and weight, measured waist size, and BMI measurements over time (SSR 19-2p). The claimant's weight, including the impact on her ability to ambulate as well as her other body systems, has been consider considered within the functional limitations determined herein. (Tr. p. 114).

The ALJ even recognized that obesity was a risk factor that could cause other medical conditions that could impact Plaintiff's ability to ambulate as well as affect other body systems, including causing fatigue and headaches. (Tr. p. 114).[3]

---

[3] Plaintiff's whole medical record shows that she was recommended to lose weight. However, her weight remained constant at 245 pounds.

Brenda L. Soto-Martínez v. Social Security Administration
Opinion and Order
Civil No. 21-1445 (CVR)
Page No. 10
_____

Plaintiff additionally admits in her memorandum that the ALJ took into consideration her weight and the impact it had on her functional limitations. (Tr. p. 114; Docket No. 17, p. 19). For this reason, the Court can find no error in the ALJ's conclusion that "[t]he undersigned considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity." (Tr. p. 107).

Furthermore, not only did Plaintiff admit that the ALJ considered her obesity, but the Court finds she failed to meet her burden of establishing the existence of one or more restrictive conditions that would merit a finding of disability. See Poupore v. Astrue, 566 F.3d 303, 306 (2nd Cir. 2009). It is Plaintiff's responsibility, at steps 1 through 4, to evidence a condition that prevents her from performing any gainful activity. Here, she failed to rebut the ALJ's findings as to her RFC. López-González v. Comm'r of Soc. Sec., 59 F. Supp. 3d 372, 375 (D.P.R. 2014); Santiago v. Sec'y of Health & Human Serv's., 944 F.2d 1, 5 (1st Cir.1991) ("At steps one through four, the claimant has the burden of proving that she cannot return to her former employment because of the alleged disability"). A review of the record does not show any marked deficiency in concentration, persistence, or pace as to her daily living, maintaining social functioning, and completing tasks in a timely manner due to any of her alleged conditions. (Tr. p. 109). Thus, Plaintiff's argument that the ALJ did not account for fatigue and obesity in the RFC and their impact on other impairments, like her headaches, is meritless.

The ALJ was also in the unique position to personally witness Plaintiff's demeanor at the hearing, thus allowing her an important opportunity to assess the consistency of

her answers. Rodríguez v. Sec'y of Health and Human Servs., 647 F.2d at 222 (he [the ALJ] found some of the plaintiff's statements at the hearing inconsistent with others she had made and gave her testimony "low credibility"). The Court of Appeals of the First Circuit has recognized that "[i]t is the responsibility of the [Commissioner] to determine issues of credibility and to draw inferences from the record evidence." Irlanda Ortiz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991); see also Tremblay v. Sec'y of Health and Human Servs., 676 F.2d 11, 12 (1st Cir. 1982); Rodríguez, 647 F.2d 218, 222 (1st Cir. 1981). It has always been the province of the ALJ and not this Court to assess issues of credibility. See Valiquette v. Astrue, 498 F. Supp. 2d 424 (2007) ("[i]ssues of credibility and the drawing of permissible inference from evidentiary facts are the prime responsibility of the Secretary."); Rodriguez v. Sec'y of Health & Hum. Servs., 647 F.2d 218, 222 (1st Cir. 1981) (*quoting* Rodríguez v. Celebrezze, 349 F.2d 494, 496 (1st Cir. 1965)) (internal quotations omitted). An ALJ is thus not required to accept subjective complaints without question, but rather, may exercise discretion in weighing the testimony considering other evidence of record. See Irlanda Ortiz, 955 F.2d at 769 (stating that the ALJ's credibility determination is entitled to deference).

Plaintiff constantly gave statements during her hearing that conflicted with the information provided in her medical record regarding her overall capacity to do household chores and regarding her daily life. For example, Plaintiff stated that she did not drive, but later indicated that she had driven herself to medical appointments when her children or her aunt could not drive her. Plaintiff also originally claimed that she did not have anyone to care for her children but at the hearing stated that her mother would

be the one to pick her children up at school. She also claimed that taking care of her children "required studying, bathing them, giving them food" but her twin children were 14 years old at that moment and would care for themselves. Plaintiff also admitted during the hearing that she did not feed nor bathe her children directly, but rather would tell her children to do these chores themselves, and also mentioned that her children had done household chores since they were little and helped her cook since they were 11 years old. (Tr. pp. 136-140). She also stated that the reason she quit her job was to care for her children and that she had requested a different shift and was denied. (Tr. p. 132). All these conflicting statements militate against her case.

For these reasons, the Court finds Plaintiff's allegations of a more limiting condition to be unsupported by the evidence on the record.

Plaintiff's last argument is that the ALJ failed in giving the medical expert's opinion controlling weight and not fully considering the state-agency opinions regarding her supported subjective complaints. This last claim also finds no support on the record.

Generally, the more consistent an opinion is with the record as a whole, the more weight is given to it. 20 C.F.R. § 404.1527(c)(4); Bouvier v. Astrue, 923 F.Supp.2d 336, 347–48 (D.R.I. 2013); Agostini-Cisco v. Comm'r of Soc. Sec., 31 F. Supp. 3d 342, 348 (D.P.R. 2014). This weighing of the evidence is a responsibility that has always been entrusted to the ALJ, and which falls squarely within the ALJ's responsibilities. With the information on the record, the ALJ rendered a "common-sense judgment about functional capacity based on the medical findings in the record." Gordils v. Sec'y of Health and Human Servs., 921 F.2d 327, 329 (1st Cir. 1990) (an ALJ is not "precluded from

rendering common-sense judgments about functional capacity based on medical findings, as long as the Secretary does not overstep the bounds of a lay person's competence and render a medical judgment.")

In the case at bar, both consulting state agency physicians, as well as the medical expert at the hearing, concluded that Plaintiff was capable of performing some gainful activity. None opined that Plaintiff was disabled. Therefore, the argument that the ALJ somehow gave more weight to the medical expert's opinion over the state-agency opinions fails to carry Plaintiff over the finish line in her ultimate claim that she cannot work.

State agency physicians Dr. Brenda Concepción and Dr. Florentino Figueroa and medial expert Dr. Joglar found Plaintiff was not disabled and recommended an RFC of light work. (Tr. pp. 513 and 530). The ALJ considered their opinions and found them only partially persuasive because she concluded Plaintiff's condition was more restricted than light work, finding her to be "more limited, based on the additional evidence submitted at hearing level." (Tr. p. 116). The ALJ therefore limited Plaintiff to sedentary work, which is the least restrictive category, and held she was capable of performing her past relevant work as a hand suture winder. There is substantial record evidence to support this ultimate conclusion, where the ALJ went beyond what the medical expert and the state agency physicians recommended and limited Plaintiff to the least restrictive work category. Therefore, the Court is not convinced by Plaintiff's arguments regarding this issue.

It has long been held that where the facts permit diverse inferences, the Court will affirm the Secretary even if the Court might have reached a different result, as long as that

result is supported by substantial evidence. Rodríguez Pagán v. Sec'y of Health and Human Servs., 819 F.2d 1, 3 (1st Cir. 1987); Lizotte v. Sec'y of Health & Human Servs., 654 F.2d 127, 128 (1st Cir. 1981). At this juncture, simply showing that evidence exists that supports Plaintiff's claims is not enough. Plaintiff must instead show that no reasonable factfinder could have weighed the evidence the way the ALJ did, and she has failed to do so.

In view of the above, the Court finds no error in the Commissioner's conclusion that Plaintiff was not disabled from the alleged onset date of January 7, 2015, through the date last insured, March 31, 2020, and finds such a conclusion is supported by substantial evidence in the record as a whole.

## CONCLUSION

For the reasons above discussed, the Court finds there is substantial evidence on the record in support of the Commissioner's decision. Consequently, the Commissioner's decision is AFFIRMED.

Judgment is to be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 23rd day of August 2022.

                                           S/CAMILLE L. VELEZ-RIVE
                                           CAMILLE L. VELEZ RIVE
                                           UNITED STATES MAGISTRATE JUDGE